```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

SIMUELL MADDEN, JR.,

                Plaintiff,

        v.                     CASE NO.  06-3318-SAC

JOE READON,
et al.,

                Defendants.

### O R D E R

        This civil rights complaint was filed pursuant to 42 U.S.C. 1983 by Mr. Madden while he was an inmate at the Wyandotte County Detention Center, Kansas City, Kansas (WCDC). He has since been transferred to Norton Correctional Facility. He also filed a motion for leave to proceed without prepayment of fees (Doc. 2).

### APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

        Plaintiff has filed 13 civil rights actions in this court over the past seven years, many of which were dismissed for failure to demonstrate exhaustion of administrative remedies. He has not paid the filing fee in any of those actions, and has outstanding obligations in several cases on which he has made no payments. In this particular case, plaintiff has not provided all the documents in support of his ifp motion required by 28 U.S.C. 1915(a)(2), including "a certified copy of the trust fund account statement (or

institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." He was required to submit these account statements in the court's prior order herein, but the page submitted does not satisfy the statutory requirement. Plaintiff must obtain a certified statement from each facility in which he was confined over the six months preceding the filing of this action and submit it to the court. He will be given another thirty (30) days in which to submit the documentation in support of his ifp motion. If he fails to provide the requisite documentation or pay the filing fee herein of $350.00 within the time provided, this action may be dismissed without further notice for failure to satisfy the filing fee.

**PROPER DESIGNATION OF PLEADINGS**

The court directs plaintiff, who has filed several cases in this court, to write the caption and case number at the top of the first page of all materials and correspondence he submits to the court. Otherwise, the clerk of the court is not aware in which case he intends his materials to be filed.

**CLAIMS**

In this complaint, Mr. Madden sues the Sheriff of Wyandotte County, the WCDC Administrator, and the Mayor of Wyandotte County

for alleged violation of his "constitutional rights to breathe clean air" not second-hand smoke or environmental tobacco smoke (ETS).  Plaintiff alleges he has had life-long breathing problems including sinusitis and asthma, that WCDC is supposed to be a non-smoking facility but the no-smoking policy was not enforced, and that he was exposed to ETS at the WCDC, which is extremely toxic and hard on him.  Plaintiff seeks $50,000 for mental anguish and stress from dealing with the alleged ETS, and for pain and suffering with his rhinitis and sinusitis.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

On initial screening, the court found plaintiff had not sufficiently pled exhaustion of administrative remedies in his complaint, citing 42 U.S.C. 1997e(a)["No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."]; Booth v. Churner, 531 U.S. 956 (2001); Porter v. Nussle, 534 U.S. 516, 520 (2002); and Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). Plaintiff was given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses.  He was advised that if he failed to adequately show exhaustion, the complaint was subject to

being dismissed, without prejudice.

Plaintiff filed a Response to the court's Memorandum and Order again claiming total exhaustion without providing proof[1]. Thereafter, the United States Supreme Court decided <u>Jones v. Bock</u>,__ U.S. __, 2007 WL 135890 (Jan. 22, 2007).  <u>Jones</u> held that an inmate's failure to exhaust under 42 U.S.C. 1997e(a) is an affirmative defense, i.e., "the inmate is not required to specially plead or demonstrate exhaustion in his complaint."  Accordingly, this action may not be dismissed by the court during the screening process for failure to adequately plead or demonstrate exhaustion.

**<u>EIGHTH AMENDMENT CLAIM</u>**

However, the court finds that this action is subject to being dismissed on account of plaintiff's failure to state sufficient facts in support of a claim of cruel and unusual punishment under the Eighth Amendment.  While the court is mindful of its obligation to accept all facts alleged by a pro se plaintiff as true, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").  See <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] The court notes plaintiff has filed similar complaints alleging exposure to ETS at other prison facilities, which were dismissed without prejudice based on his failure to show exhaustion of administrative remedies after he made conclusory allegations that he had exhausted or that his grievances had been ignored. See e.g., Madden v. Shelton, Nos. 02-3295 and 02-3312 (D.Kan. July 9, 2003).  The court in those cases found records produced in response to a limited Martinez report more credible than Mr. Madden's unsupported allegations.

The Constitution does not guarantee a completely smoke-free correctional facility. Elrod v. Swanson, ___ F.Supp.2d___, 2007 WL 851235 (D.Kan. Mar. 19, 2007). Thus, plaintiff's bare allegation that WCDC should have been but was not smoke-free, taken as true, does not present a constitutional claim. To state a claim under the Eighth Amendment, plaintiff must allege facts sufficient to establish that defendants possessed a total lack of concern for his welfare in the face of serious risks. For the following reasons, the court finds plaintiff's complaint falls far short of alleging such facts. Mr. Madden shall be given time to show cause why this action should not be dismissed for failure to allege facts sufficient to support his Eighth Amendment claim.

The United States Supreme Court has adopted a two-part test for reviewing claims under the Eighth Amendment's cruel and unusual punishment clause. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Helling v. McKinney, 509 U.S. 25 (1993); Hudson v. McMillian, 503 U.S. 1, 7 (1992). That two-prong test is applicable to Eighth Amendment claims in which a plaintiff challenges conditions of confinement based on ETS exposure. See Helling, 509 U.S. 25 (applying two-prong test to cause of action based on ETS exposure by plaintiff housed in cell with inmate who smoked five packs of cigarettes a day). The United States Supreme Court has specifically held that an inmate claiming an unreasonable risk of serious injury to his present or future health from exposure to ETS must establish the subjective and objective components necessary to prove an Eighth Amendment violation. Helling, 509 at 35.

5

To satisfy the objective prong of the test "the deprivation alleged must be sufficiently serious." Farmer, 511 U.S. at 834, *quoting* Wilson v. Seiter, 501 U.S. 294, 298 (1991). It follows that to prove the objective factor, plaintiff "must show that he himself is being exposed to unreasonably high levels of ETS." Id. When the claim, like plaintiff's, is "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. In addition, plaintiff must show that society considers the risk he complains of "to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Id. at 36; Hudson, 503 U.S. at 8.

The second part of the test, the subjective component, requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer, 511 U.S. at 834. Whether a prison official is deliberately indifferent depends upon whether the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. at 837.

Upon screening the sparse factual allegations in the complaint, the court finds plaintiff has failed to allege sufficient facts to support a claim of cruel and unusual punishment under the Eighth Amendment. Plaintiff makes the conclusory allegations that ETS at the WCDC subjected him to cruel and unusual

6

punishment and aggravated his pre-existing respiratory problems. However, he does not allege who was smoking at WCDC, where they were smoking in relation to his location in the jail, how often or how much they were smoking, or what period of time overall he was exposed to ETS. For example, he does not allege like the inmate in <u>Helling</u> that he had a cell-mate for several months who was a heavy smoker, or that he was housed or had to work daily near a heavy smoker for a long period of time. He does not describe the policy in effect at the WCDC while he was confined there, such as whether or not smoking was restricted to designated areas and specific times, or only authorized outdoors. Instead of alleging facts indicating he was exposed to unreasonably high levels of ETS, he simply makes the conclusory claim that he was exposed. In sum, plaintiff has not stated facts, which if proven, would indicate he was exposed to unreasonably high levels of ETS; and thus has alleged no facts in support of the objective component.

     Mr. Madden also fails to allege that the named defendants were both aware of facts from which the inference could be drawn that a substantial risk of serious harm to him existed from ETS, and that they actually drew the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). That restrictions were not being fully enforced is not enough to establish deliberate indifference. <u>See Whitley v. Albers</u>, 475 U.S. 312, 318 (1986)(obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by Eighth Amendment). It follows that plaintiff has not alleged facts in support of the subjective component. Moreover,

7

plaintiff has not alleged deliberate indifference to serious medical needs.  In <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991), the Supreme Court reaffirmed that a prisoner claiming his conditions of confinement constitute unnecessary and wanton infliction of pain must show "deliberate indifference" to "serious medical needs." <u>See</u> <u>Clemmons v. Bohannon</u>, 956 F.2d 1523, 1525-26 (10th Cir. 1992). Mr. Madden does not allege that he was ever advised by medical staff that his exposure to ETS at the WCDC caused his asthma or sinusitis (which would be contrary to his allegations that he has suffered from these conditions all his life); aggravated these conditions; or caused any additional, diagnosed, serious medical problems.  Mr. Madden has not described any effects upon him from ETS distinguishable from his pre-existing respiratory problems; or any specific effects other than a sore throat and runny nose.  He does not allege facts indicating that each named defendant was deliberately indifferent to his obvious, serious, medical needs. On the other hand, plaintiff alleges he has been provided medication for his life-long respiratory problems.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to submit the required documentation in support of his application for leave to proceed in forma pauperis or the filing fee of $350.00; and to show cause why this action should not be dismissed for failure to allege sufficient facts to state an Eighth Amendment claim in accord with the foregoing Order.

8

**IT IS SO ORDERED.**

Dated this 20th day of April, 2007, at Topeka, Kansas.

s/Sam A. Crow<br>
U. S. Senior District Judge